THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAIME MONTOYA and HECTOR RESTREPO,
    Plaintiff(s),

vs.

DANIEL O'CONNELL'S SONS, INC., and
MARIST COLLEGE,

    Defendant(s).

Civil Action No.: 15CV01580

**VERIFIED COMPLAINT**

Jury Trial Demanded

---

Plaintiffs, Jaime Montoya and Hector Restrepo, by their attorney, CHARLES M. HAMMER, as and for their Complaint against Defendants, allege, upon information and belief, as follows:

## THE PARTIES

1. Plaintiff, Jaime Montoya, is a resident of the Town of North Bergen and the State of New Jersey.

2. Plaintiff, Hector Restrepo, is a resident of the Town of West New York and the State of New Jersey.

3. Defendant, Daniel O'Connell's Sons, Inc., is a resident of the City of Holyoke and the State of Massachusetts.

4. Defendant, Marist College, is a resident of the City of Poughkeepsie and the State of New York.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 in that such jurisdiction is founded upon the diversity of citizenship between the parties to this action and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand ($75,000.00) dollars.

## AS AND FOR A FIRST CAUSE OF ACTION

1. That at all times hereinafter mentioned, including on March 27, 2013, plaintiff, Jaime Montoya, resided and continues to reside at North Bergen, New Jersey.

2. That at all times hereinafter mentioned, including on March 27, 2013, plaintiff, Hector Restrepo, resided and continues to reside at West New York, New Jersey.

3. That at all times hereinafter mentioned, defendant, Daniel O'Connell's Sons, Inc., was and still is a domestic corporation, duly organized and existing under the laws of the State of New York.

4. That at all times hereinafter mentioned, defendant, Daniel O'Connell's Sons, Inc., was and still is a foreign business corporation, duly licensed to do business in the State of New York.

5. That at all times hereinafter mentioned, defendant, Daniel O'Connell's Sons, Inc., was and still is a foreign business corporation doing business within the State of New York.

6. That at all times hereinafter mentioned, defendant, Daniel O'Connell's Sons, Inc., was and still is a partnership, formed and existing under the laws of the State of New York.

7. That at all times hereinafter mentioned, defendant, Daniel O'Connell's Sons, Inc., was and still is a sole proprietorship.

8. That at all times hereinafter mentioned, defendant, Daniel O'Connell's Sons, Inc., maintained and continues to maintain a place of business at 480 Hampden Street, Holyoke, Massachusetts.

9. That at all times hereinafter mentioned, including on March 27, 2013, certain construction work was being performed to a building located at Marist College, 3399 North Road, Poughkeepsie, New York.

10. That prior to and on March 27, 2013, defendant, Daniel O'Connell's Sons, Inc., was the general contractor and operator of the construction work referred to above.

11. That at all times hereinafter mentioned, including on March 27, 2013, defendant, Daniel O'Connell's Sons, Inc., its agents, servants and employees, were in control of the construction work referred to above.

12. That at all times hereinafter mentioned, including on March 27, 2013, defendant, Daniel O'Connell's Sons, Inc., its agents, servants and employees, performed, directed, managed, oversaw and supervised the construction work referred to above.

13. That at all times hereinafter mentioned, including on March 27, 2013, defendant, Daniel O'Connell's Sons, Inc., was the onsite agent for the construction work.

14. That at all times hereinafter mentioned, including on March 27, 2013, defendant, Daniel O'Connell's Sons, Inc., supervised, directed and/or controlled renovation, demolition, alteration and/or construction work that was taking place at the aforementioned premises.

15. That at all times hereinafter mentioned, including on March 27, 2013, defendant, Daniel O'Connell's Sons, Inc., was and still is in the business of, amongst other things,

construction, demolition, renovation, construction management and supervision, and general contracting of real property, buildings and structures.

16. That at all times hereinafter mentioned, defendant, Marist College, was and still is a domestic corporation, duly organized and existing under the laws of the State of New York.

17. That at all times hereinafter mentioned, defendant, Marist College, was and still is a foreign business corporation, duly licensed to do business in the State of New York.

18. That at all times hereinafter mentioned, defendant, Marist College, was and still is a foreign business corporation doing business within the State of New York.

19. That at all times hereinafter mentioned, defendant, Marist College, was and still is a private college formed and existing under the laws of the State of New York.

20. That at all times hereinafter mentioned, defendant, Marist College, was and still is a partnership, formed and existing under the laws of the State of New York.

21. That at all times hereinafter mentioned, defendant, Marist College, was and still is a sole proprietorship.

22. That at all times hereinafter mentioned, defendant, Marist College, maintained and continues to maintain a place of business in Poughkeepsie, New York.

23. That at all times hereinafter mentioned, including on March 27, 2013, certain construction work was being performed to a building located at Marist College, 3399 North Road, Poughkeepsie, New York.

24. That at all times hereinafter mentioned, defendant, Marist College, was and still is the owner of the aforesaid premises located at 3399 North Road, Poughkeepsie, New York.

25. That prior to and on March 27, 2013, defendant, Marist College, was the general contractor and operator of the construction work referred to above.

26. That at all times hereinafter mentioned, including on March 27, 2013, defendant, Marist College, its agents, servants and employees, were in control of the construction work referred to above.

27. That at all times hereinafter mentioned, including on March 27, 2013, defendant, Marist College, its agents, servants and employees, performed, directed, managed, oversaw and supervised the construction work referred to above.

28. That at all times hereinafter mentioned, including on March 27, 2013, defendant, Marist College, was the onsite agent for the construction work.

29. That at all times hereinafter mentioned, including on March 27, 2013, defendant, Marist College, supervised, directed and/or controlled renovation, demolition, alteration and/or construction work that was taking place at the aforementioned premises.

30. That at all times hereinafter mentioned, including on March 27, 2013, defendant, Marist College, was and still is in the business of, amongst other things, construction, demolition, renovation, construction management and supervision, and general contracting of real property, buildings and structures.

31. That prior to and as of March 27, 2013, there existed a contract and/or agreement between defendant, Daniel O'Connell's Sons, Inc., and defendant, Marist College, for the renovation, demolition, alteration and/or construction of the aforementioned premises.

32. That prior to and as of March 27, 2013, and pursuant to the aforesaid contract and/or agreement between defendant, Daniel O'Connell's Sons, Inc., and defendant, Marist College, the defendant, Daniel O'Connell's Sons, Inc., was and acted as the General Contractor for the renovation, demolition, alteration and/or construction of the aforementioned premises.

33. That prior to and as of March 27, 2013, and pursuant to the aforesaid contract and/or agreement between defendant, Daniel O'Connell's Sons, Inc., and defendant, Marist College, the defendant, Daniel O'Connell's Sons, Inc., was and acted as the Construction Manager for the renovation, demolition, alteration and/or construction of the aforementioned premises.

34. That pursuant to the aforesaid contract and/or agreement between defendant, Daniel O'Connell's Sons, Inc., and defendant, Marist College, the defendant, Daniel O'Connell's Sons, Inc., its agents, servants, employees and/or representatives undertook and performed the supervision, direction and/or control of the renovation, demolition, alteration and/or construction of the aforementioned premises, including on or about March 27, 2013.

35. That prior to and as of March 27, 2013, and pursuant to the aforesaid contract and/or agreement between defendant, Marist College, and defendant, Daniel O'Connell's Sons, Inc., the defendant, Marist College, was and acted as the General Contractor for the renovation, demolition, alteration and/or construction of the aforementioned premises.

36. That prior to and as of March 27, 2013, and pursuant to the aforesaid contract and/or agreement between defendant, Marist College, and defendant, Daniel O'Connell's Sons, Inc., the defendant, Marist College, was and acted as the Construction Manager for the renovation, demolition, alteration and/or construction of the aforementioned premises.

37. That pursuant to the aforesaid contract and/or agreement between defendant, Marist College, and defendant, Daniel O'Connell's Sons, Inc., the defendant, Marist College, its agents, servants, employees and/or representatives undertook and performed the supervision, direction and/or control of the renovation, demolition,

alteration and/or construction of the aforementioned premises, including on or about March 27, 2013.

38. That prior to and as of March 27, 2013, Jupiter Environmental Services, Inc., was a contractor and/or sub-contractor hired to perform certain renovation, demolition, alteration and/or construction work as part of the construction project that was then taking place on and at the aforementioned premises.

39. That on March 27, 2013, plaintiff, Jaime Montoya, was an employee of Jupiter Environmental Services, Inc., who was working at the aforesaid premises.

40. That on March 27, 2013, while plaintiff, Jaime Montoya, was performing renovation, demolition, alteration and/or construction work at the aforesaid premises, he was caused to sustain severe and disabling personal injuries as a result of falling from the roof.

41. That on March 27, 2013, while plaintiff, Jaime Montoya, was performing renovation, demolition, alteration and/or construction work at the aforesaid premises, he was caused to sustain severe and disabling personal injuries during the course of and in furtherance of said work.

42. That the defendant, Daniel O'Connell's Sons, Inc., its agents, servants, employees and/or representatives, were supervising, directing and/or controlling the renovation, alteration, demolition and/or construction work at the aforementioned premises, including the work that plaintiff, Jaime Montoya, was performing, at the time plaintiff, Jaime Montoya, was injured.

43. That the defendant, Marist College, its agents, servants, employees and/or representatives, was supervising, directing and/or controlling the renovation, alteration, demolition and/or construction work at the aforementioned premises, including the work that plaintiff, Jaime Montoya, was performing, at the time plaintiff, Jaime Montoya, was injured.

44. That as a result of the foregoing occurrence, plaintiff, Jaime Montoya, was injured and rendered sick, sore, lame, nervous, injured and disabled and has been caused to curtail and/or forego his usual and/or customary and/or planned activities and vocation, and has been caused to undergo medical care and treatment.

45. That solely by reason of the foregoing, plaintiff, Jaime Montoya, will suffer further mental and physical effects from said injuries, that certain of said injuries of the effect thereof will be permanent or of indefinite duration, that plaintiff, Jaime Montoya, will be compelled to curtail and/or forego additional participation in his usual and/or planned activities and/or vocation, has and will continue to suffer a loss of enjoyment of his life and lifestyle, and will have to undergo further medical care and treatment, and has been otherwise damaged thereby.

46. That the aforesaid occurrence and the injuries suffered by plaintiff, Jaime Montoya, were due to the negligence, carelessness and recklessness of the defendants, their agents, servants, employees and representatives, in failing to exercise

reasonable care in the ownership, operation, supervision, direction, maintenance, control and management of the aforesaid construction work; and in failing to provide plaintiff with a safe place to work; in violation of Sections 200, 240, 240(1) and 241(6) of the Labor Law of the State of New York as well as applicable OSHA rules and regulations the plaintiff sustained extensive serious, grave and permanent injuries as a result of falling from a roof and the rules of the Industrial Control Board promulgated thereunder, including but not limited to Sections 23-1.5, 23-1.6, 23-1.7, 23-1.15, 23-1.16, 23-1.17, 23-1.19, 23-1.21, 23-1.24, 23-2.6, 23-5.1, 23-5.2, and 23-5.18; in failing to provide plaintiff with proper gear and equipment and/or tools; in failing to properly supervise, direct and/or control the work plaintiff was performing at the time of the accident; in improperly supervising, directing and/or controlling the work plaintiff was engaged in at the time of the accident; in failing to provide proper and necessary and/or reasonable safety devices which would have prevented the occurrence; in failing to provide plaintiff with a safe roof; in providing plaintiff with an unsafe and defective roof; in failing to conduct timely safety inspections, in failing to ensure that the necessary safety equipment was available at the worksite; in failing to ensure that the roof was properly braced before allowing plaintiff to climb up on it; in failing to properly train and instruct and/or in improperly training and instructing plaintiff how to properly and safely perform the work he was engaged in at the time of the accident; in failing to use proper, reasonable and/or safe procedures and/or methods to perform the work; in failing to use suitable equipment, tools or machinery; in failing to properly protect workers including Plaintiff herein; in failing to warn and/or in improperly warning workers on the job site; in permitting improper, dangerous and hazardous work methods and procedures to be used at the job site; in failing to provide the workers with proper equipment; in failing to provide a sufficient number of personnel in order to perform the work in a safe manner; in failing to conduct safety meetings; in failing to provide any and/or sufficient warning; in failing to ensure a safe and proper workplace; in failing to use the proper, reasonable and/or safe procedures and/or methods to perform the work; and in otherwise being careless, reckless and negligent on the premises and under the circumstances.

47.     That on or about March 27, 2013, at the aforesaid premises, defendants, Daniel O'Connell's Sons, Inc. and Marist College, their officials, agents, servants and/or employees were negligent, restless and careless in the construction, renovation, rehabilitation, repair, management, alteration, control, possession and inspection of the said construction site and building in that they failed to provide the plaintiff with a safe place to work; failed to provide or erect for the plaintiff, scaffolding, ladders, safety devices, safety nets, lifelines, ropes, safety railings, or other fall protection, safety devices that were so placed, erected and operated as to afford proper protection to the plaintiff on the site; failed and/or refused to be cognizant that proper fall protection devices and other elevated safety devices were not provided to the plaintiff, a construction worker exposed to the effects of gravity and the risks of falling down from elevated work platforms while performing construction, rehabilitation, renovation and alteration upon the said site; failed to provide plaintiff with proper safety; failed to provide plaintiff with proper fall protection; violated the provisions of the labor law, specifically sections, 200, 240, 240(1) and 241(6); violated the applicable OSHA rules and regulations;  and violated the applicable provisions of the Industrial Code Regulations of the State of New York as they pertain to the construction, including but

not limited to 23-1.5, 23-1.6, 23-1.7, 23-1.15, 23-1.16, 23-1.17, 23-1.19, 23-1.21, 23-1.24, 23-2.6, 23-5.1, 23-5.2, and 23-5.18.

48. That defendants had actual and/or constructive notice of the defective and dangerous condition prior to the accident.

49. That as a result of the occurrence, plaintiff has been damaged in the sum encompassed by the law as set forth in C.P.L.R. § 3017(c) plus costs and disbursements.

50. That this action falls within the exceptions enumerated in C.P.L.R. Article 16, et seq.

51. That as a result of the foregoing, plaintiff, Jaime Montoya, has been damaged by the defendants, jointly and severally, in the sum of Fifty Million ($50,000,000.00) Dollars.

**WHEREFORE,** plaintiff, Jaime Montoya, demands judgment on the First Cause of Action against the defendants and each of them, jointly and severally, for damages in the sum of Fifty Million ($50,000,000.00) Dollars together with costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

52. Plaintiff, Jaime Montoya, repeats and reiterates each and every allegation contained in paragraphs "1" through "51" with full force and effect as if heretofore set forth at length.

53. That the defendants, their agents, servants, employees and/or representatives violated Section 200 of the Labor Laws of the State of New York.

54. That the violation of Section 200 of the Labor Laws of the State of New York by defendants, their agents, servants, employees and/or representatives, was a substantial factor in causing the occurrence and the damages sustained by plaintiff, Jaime Montoya.

55. That as a result of the foregoing, plaintiff, Jaime Montoya, has been damaged by the defendants, jointly and severally, in the sum of Fifty Million ($50,000,000.00) Dollars.

**WHEREFORE,** plaintiff, Jaime Montoya, demands judgment on the Second Cause of Action against the defendants and each of them, jointly and severally, for damages in the sum of Fifty Million ($50,000,000.00) Dollars together with costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION

56. Plaintiff, Jaime Montoya, repeats and reiterates each and every allegation contained in paragraphs "1" through "55" with full force and effect as if heretofore set forth at length.

57. That the defendants, their agents, servants, employees and/or representatives violated Section 241(6) of the Labor Laws of the State of New York and the rules of the Industrial Control Board promulgated thereunder, including but not limited to 12 NYCRR §§23-1.5, 23-1.6, 23-1.7, 23-1.16, 23-1.17, 23-1.19, 23-1.21, 23-1.24, 23-2.6, and 23-5.1.

58. That the violations of Section 241(6) of the Labor Laws of the State of New York and the rules of the Industrial Control Board promulgated thereunder, including but not limited to 12 NYCRR §§23-1.5, 23-1.6, 23-1.7, 23-1.16, 23-1.17, 23-1.19, 23-1.21, 23-1.24, 23-2.6, and 23-5.1 by defendants, their agents, servants, employees and/or representatives, were a substantial factor in causing the occurrence and the damages sustained by plaintiff, Jaime Montoya.

59. That as a result of the foregoing, plaintiff, Jaime Montoya, has been damaged by the defendants, jointly and severally, in the sum of Fifty Million ($50,000,000.00) Dollars.

**WHEREFORE,** plaintiff, Jaime Montoya, demands judgment on the Third Cause of Action against the defendants and each of them, jointly and severally, for damages in the sum of Fifty Million ($50,000,000.00) Dollars together with costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION

60. Plaintiff, Jaime Montoya, repeats and reiterates each and every allegation contained in paragraphs "1" through "59" with full force and effect as if heretofore set forth at length.

61. That the defendants, their agents, servants, employees and/or representatives violated Section 240(1) of the Labor Laws of the State of New York.

62. That the violation of Section 240(1) of the Labor Laws of the State of New York by defendants, their agents, servants, employees and/or representatives, was a substantial factor in causing the occurrence and the damages sustained by plaintiff, Jaime Montoya.

63. That as a result of the foregoing, plaintiff, Jaime Montoya, has been damaged by the defendants, jointly and severally, in the sum of Fifty Million ($50,000,000.00) Dollars.

**WHEREFORE,** plaintiff, Jaime Montoya, demands judgment on the Fourth Cause of Action against the defendants and each of them, jointly and severally, for

damages in the sum of Fifty Million ($50,000,000.00) Dollars together with costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION

64.     Plaintiff, Hector Restrepo, repeats and reiterates each and every allegation contained in paragraphs "1" through "63" with full force and effect as if heretofore set forth at length.

65.     That prior to and as of March 27, 2013, Jupiter Environmental Services, Inc., was a contractor and/or sub-contractor hired to perform certain renovation, demolition, alteration and/or construction work as part of the construction project that was then taking place on and at the aforementioned premises.

66.     That on March 27, 2013, plaintiff, Hector Restrepo, was an employee of Jupiter Environmental Services, Inc., who was working at the aforesaid premises.

67.     That on March 27, 2013, while plaintiff, Hector Restrepo, was performing renovation, demolition, alteration and/or construction work at the aforesaid premises, he was caused to sustain severe and disabling personal injuries as a result of falling from the roof.

68.     That on March 27, 2013, while plaintiff, Hector Restrepo, was performing renovation, demolition, alteration and/or construction work at the aforesaid premises, he was caused to sustain severe and disabling personal injuries during the course of and in furtherance of said work.

69.     That the defendant, Daniel O'Connell's Sons, Inc., its agents, servants, employees and/or representatives, were supervising, directing and/or controlling the renovation, alteration, demolition and/or construction work at the aforementioned premises, including the work that plaintiff, Hector Restrepo, was performing, at the time plaintiff, Hector Restrepo, was injured.

70.     That the defendant, Marist College, its agents, servants, employees and/or representatives, was supervising, directing and/or controlling the renovation, alteration, demolition and/or construction work at the aforementioned premises, including the work that plaintiff, Hector Restrepo, was performing, at the time plaintiff, Hector Restrepo, was injured.

71.     That as a result of the foregoing occurrence, plaintiff, Hector Restrepo, was injured and rendered sick, sore, lame, nervous, injured and disabled and has been caused to curtail and/or forego his usual and/or customary and/or planned activities and vocation, and has been caused to undergo medical care and treatment.

72.     That solely by reason of the foregoing, plaintiff, Hector Restrepo, will suffer further mental and physical effects from said injuries, that certain of said injuries of the effect thereof will be permanent or of indefinite duration, that plaintiff, Hector Restrepo, will be compelled to curtail and/or forego additional participation in his usual and/or planned activities and/or vocation, has and will continue to suffer a loss of enjoyment of

his life and lifestyle, and will have to undergo further medical care and treatment, and has been otherwise damaged thereby.

73. That the aforesaid occurrence and the injuries suffered by plaintiff, Hector Restrepo, were due to the negligence, carelessness and recklessness of the defendants, their agents, servants, employees and representatives, in failing to exercise reasonable care in the ownership, operation, supervision, direction, maintenance, control and management of the aforesaid construction work; and in failing to provide plaintiff with a safe place to work; in violation of Sections 200, 240, 240(1) and 241(6) of the Labor Law of the State of New York as well as applicable OSHA rules and regulations the plaintiff sustained extensive serious, grave and permanent injuries as a result of falling from a roof and the rules of the Industrial Control Board promulgated thereunder, including but not limited to Sections 23-1.5, 23-1.6, 23-1.7, 23-1.15, 23-1.16, 23-1.17, 23-1.19, 23-1.21, 23-1.24, 23-2.6, 23-5.1, 23-5.2, and 23-5.18; in failing to provide plaintiff with proper gear and equipment and/or tools; in failing to properly supervise, direct and/or control the work plaintiff was performing at the time of the accident; in improperly supervising, directing and/or controlling the work plaintiff was engaged in at the time of the accident; in failing to provide proper and necessary and/or reasonable safety devices which would have prevented the occurrence; in failing to provide plaintiff with a safe roof; in providing plaintiff with an unsafe and defective roof; in failing to conduct timely safety inspections, in failing to ensure that the necessary safety equipment was available at the worksite; in failing to ensure that the roof was properly braced before allowing plaintiff to climb up on it; in failing to properly train and instruct and/or in improperly training and instructing plaintiff how to properly and safely perform the work he was engaged in at the time of the accident; in failing to use proper, reasonable and/or safe procedures and/or methods to perform the work; in failing to use suitable equipment, tools or machinery; in failing to properly protect workers including Plaintiff herein; in failing to warn and/or in improperly warning workers on the job site; in permitting improper, dangerous and hazardous work methods and procedures to be used at the job site; in failing to provide the workers with proper equipment; in failing to provide a sufficient number of personnel in order to perform the work in a safe manner; in failing to conduct safety meetings; in failing to provide any and/or sufficient warning; in failing to ensure a safe and proper workplace; in failing to use the proper, reasonable and/or safe procedures and/or methods to perform the work; and in otherwise being careless, reckless and negligent on the premises and under the circumstances.

74. That on or about March 27, 2013, at the aforesaid premises, defendants, Daniel O'Connell's Sons, Inc. and Marist College, their officials, agents, servants and/or employees were negligent, restless and careless in the construction, renovation, rehabilitation, repair, management, alteration, control, possession and inspection of the said construction site and building in that they failed to provide the plaintiff with a safe place to work; failed to provide or erect for the plaintiff, scaffolding, ladders, safety devices, safety nets, lifelines, ropes, safety railings, or other fall protection, safety devices that were so placed, erected and operated as to afford proper protection to the plaintiff on the site; failed and/or refused to be cognizant that proper fall protection devices and other elevated safety devices were not provided to the plaintiff, a construction worker exposed to the effects of gravity and the risks of falling down from elevated work platforms while performing construction, rehabilitation, renovation and

alteration upon the said site; failed to provide plaintiff with proper safety; failed to provide plaintiff with proper fall protection; violated the provisions of the labor law, specifically sections, 200, 240, 240(1) and 241(6); violated the applicable OSHA rules and regulations; and violated the applicable provisions of the Industrial Code Regulations of the State of New York as they pertain to the construction, including but not limited to 23-1.5, 23-1.6, 23-1.7, 23-1.15, 23-1.16, 23-1.17, 23-1.19, 23-1.21, 23-1.24, 23-2.6, 23-5.1, 23-5.2, and 23-5.18.

75. That defendants had actual and/or constructive notice of the defective and dangerous condition prior to the accident.

76. That as a result of the occurrence, plaintiff has been damaged in the sum encompassed by the law as set forth in C.P.L.R. § 3017(c) plus costs and disbursements.

77. That this action falls within the exceptions enumerated in C.P.L.R. Article 16, et seq.

78. That as a result of the foregoing, plaintiff, Hector Restrepo, has been damaged by the defendants, jointly and severally, in the sum of Fifty Million ($50,000,000.00) Dollars.

**WHEREFORE,** plaintiff, Hector Restrepo, demands judgment on the Fifth Cause of Action against the defendants and each of them, jointly and severally, for damages in the sum of Fifty Million ($50,000,000.00) Dollars together with costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION

79. Plaintiff, Hector Restrepo, repeats and reiterates each and every allegation contained in paragraphs "1" through "78" with full force and effect as if heretofore set forth at length.

80. That the defendants, their agents, servants, employees and/or representatives violated Section 200 of the Labor Laws of the State of New York.

81. That the violation of Section 200 of the Labor Laws of the State of New York by defendants, their agents, servants, employees and/or representatives, was a substantial factor in causing the occurrence and the damages sustained by plaintiff, Hector Restrepo.

82. That as a result of the foregoing, plaintiff, Hector Restrepo, has been damaged by the defendants, jointly and severally, in the sum of Fifty Million ($50,000,000.00) Dollars.

**WHEREFORE,** plaintiff, Hector Restrepo, demands judgment on the Sixth Cause of Action against the defendants and each of them, jointly and severally, for damages in the sum of Fifty Million ($50,000,000.00) Dollars together with costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION

83. Plaintiff, Hector Restrepo, repeats and reiterates each and every allegation contained in paragraphs "1" through "82" with full force and effect as if heretofore set forth at length.

84. That the defendants, their agents, servants, employees and/or representatives violated Section 241(6) of the Labor Laws of the State of New York and the rules of the Industrial Control Board promulgated thereunder, including but not limited to 12 NYCRR §§23-1.5, 23-1.6, 23-1.7, 23-1.16, 23-1.17, 23-1.19, 23-1.21, 23-1.24, 23-2.6, and 23-5.1.

85. That the violations of Section 241(6) of the Labor Laws of the State of New York and the rules of the Industrial Control Board promulgated thereunder, including but not limited to 12 NYCRR §§23-1.5, 23-1.6, 23-1.7, 23-1.16, 23-1.17, 23-1.19, 23-1.21, 23-1.24, 23-2.6, and 23-5.1 by defendants, their agents, servants, employees and/or representatives, were a substantial factor in causing the occurrence and the damages sustained by plaintiff, Hector Restrepo.

86. That as a result of the foregoing, plaintiff, Hector Restrepo, has been damaged by the defendants, jointly and severally, in the sum of Fifty Million ($50,000,000.00) Dollars.

**WHEREFORE,** plaintiff, Hector Restrepo, demands judgment on the Seventh Cause of Action against the defendants and each of them, jointly and severally, for damages in the sum of Fifty Million ($50,000,000.00) Dollars together with costs and disbursements of this action.

## AS AND FOR A EIGHTH CAUSE OF ACTION

87. Plaintiff, Hector Restrepo, repeats and reiterates each and every allegation contained in paragraphs "1" through "86" with full force and effect as if heretofore set forth at length.

88. That the defendants, their agents, servants, employees and/or representatives violated Section 240(1) of the Labor Laws of the State of New York.

89. That the violation of Section 240(1) of the Labor Laws of the State of New York by defendants, their agents, servants, employees and/or representatives, was a substantial factor in causing the occurrence and the damages sustained by plaintiff, Hector Restrepo.

90. That as a result of the foregoing, plaintiff, Hector Restrepo, has been damaged by the defendants, jointly and severally, in the sum of Fifty Million ($50,000,000.00) Dollars.

**WHEREFORE,** plaintiff, Hector Restrepo, demands judgment on the Eighth Cause of Action against the defendants and each of them, jointly and severally, for

damages in the sum of Fifty Million ($50,000,000.00) Dollars together with costs and disbursements of this action.

Dated: New York, New York
       February 20, 2015

CHARLES M. HAMMER, ESQ.
37 E. 18th Street, 10th Floor
New York, New York   10003-2001
(212) 244-6331
Email: charleshammerlaw@gmail.com

STATE OF NEW YORK, COUNTY OF _New York_ ss:

☐ **Attorney's Certification**
I, the undersigned, am an attorney admitted to practice in the courts of New York, and _United States District Court Southern District of N_ certify that the annexed has been compared by me with the original and found to be a true and complete copy thereof.

☒ **Attorney's Verification by Affirmation**
say that: I am the attorney of record, or of counsel with the attorney(s) of record, for _Daniel Monroy_ . I have read the annexed _verified complaint_ know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of _plaintiff in district court_ is _we reside_

I affirm that the foregoing statements are true under penalties of perjury.
Dated: _2/24/15_

_Charles Hamos_
(Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF ss:
being sworn says: I am

☐ **Individual Verification**
in the action herein; I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

☐ **Corporate Verification**
the                   of
a corporation, one of the parties to the action; I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on         , 20

(Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF ss:
being sworn says: I am not a party to the action, am over 18 years of age and reside at
On         , 20   , I served a true copy of the annexed
in the following manner:

☐ **Service by Mail**
by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Personal Service**
by delivering the same personally to the persons at the address indicated below:

☐ **Service by Facsimile**
by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Service by Electronic Means**
by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter heading that the matter being transmitted electronically is related to a court proceeding:

☐ **Overnight Delivery Service**
by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on         , 20

Index No.            Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAIME MONTOYA and HECTOR RESTREPO,

      Plaintiff(s),

vs.

DANIEL O'CONNELL'S SONS, INC. and MARIST COLLEGE,

      Defendant(s).

---

VERIFIED COMPLAINT

---

Charles M. Hammer, Esq.

*Attorney(s) for* Plaintiffs

*Office Address & Tel. No.:* 37 E. 18th Street, 10th Floor
New York, NY   10003-2001
212-244-6331

---

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR.1200.41-a.

Dated: .........................................    Signature ..............................................................

                                                       Print Signer's Name ................................................

*Service of a copy of the within*                                     *is hereby admitted.*

Dated:

                                                             *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on            20

☐ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the Hon.                       , one of the judges of the within-named Court,
at
on                     20        , at            M.

Dated:

                                                               *Attorney(s) for*

To:                                                                *Office Address & Tel. No.:*