UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAIME MONTOYA and HECTOR RESTREPO,<br><br>                      Plaintiffs,<br><br>-against-<br><br>DANIEL O'CONNELL'S SONS, INC. and MARIST COLLEGE,<br><br>                      Defendants. | |
| DANIEL O'CONNELL'S SONS, INC.,<br><br>                      Third-Party Plaintiff,<br><br>-against-<br><br>JUPITER ENVIRONMENTAL SERVICES, INC.,<br><br>                      Third-Party Defendant. | 15-cv-01580 (ALC) (KNF)<br><br><u>OPINION AND ORDER</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiff Jamie Montoya brings this personal injury action against Defendants Daniel O'Connell's Sons, Inc. ("DOC") and Marist College for injuries allegedly suffered while working for DOC's subcontractor, Third-Party Defendant Jupiter Environmental Services, Inc. ("Jupiter"), on a construction project at Marist College. DOC and Marist College have moved for summary judgment dismissing Montoya's claims on the basis that he lacks standing and is estopped from pursuing this action due to his failure to disclose the suit during his bankruptcy proceeding. Jupiter also moved for summary judgment on the basis of estoppel. Separately, Montoya filed a motion to substitute the bankruptcy trustee, John W. Sywilok, as the plaintiff in this action. For the reasons that follow, the Court grants Montoya's motion to substitute Sywilok

as plaintiff, thereby rendering Defendants' motions for summary judgment on the basis of Montoya's lack of standing and estoppel moot.

## BACKGROUND

On March 27, 2013, Montoya injured himself while working on a construction project at Marist College as an employee of Jupiter, a subcontractor of DOC. ECF No. 19 ("Am. Compl."), at ¶¶ 36-40. He did not commence this personal injury action related to the accident until March 2015, however. In the interim, Montoya filed a petition for voluntary bankruptcy pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. ECF No. 106 (Affirmation of Carolyn Comparato ("Comparato Aff.")), Ex. A (Voluntary Petition, filed Apr. 7, 2014). Montoya is represented by different counsel in this action than in his bankruptcy proceeding. *See id.*, Ex. A at 2.[1]

While Montoya already had injured himself and retained counsel to explore the possibility of recovering in a personal injury action, Montoya did not disclose the potential personal injury action as personal property in his bankruptcy petition. *Id.* at 9-11; ECF No. 102 (Affirmation of Hillary P. Kahan ("Kahan Aff.")), Ex. F at 10-11. He did disclose his related Worker's Compensation Board claim against Jupiter, however. Comparato Aff., Ex. A at 11. At a meeting of his creditors in May 2014, Montoya again failed to disclose his potential personal injury action. Comparato Aff., Ex. B (Transcript of May 12, 2014 Hearing), at 9-10. In July 2014, the bankruptcy court granted Montoya a discharge under 11 U.S.C. § 727. Kahan Aff. Ex. B (Discharge Order, dated July 18, 2014).

Less than a year after his bankruptcy discharge, Montoya filed the instant action against DOC and Marist College on March 4, 2015. *See* ECF No. 1. DOC and Marist College answered

---

[1] Citations to page numbers in exhibits to the Kahan and Comparato affirmations are to the ECF page numbers for each exhibit.

the Complaint and DOC filed a third-party complaint against Jupiter. ECF Nos. 20, 22, 24. Defendants then filed motions for summary judgment. After learning of Defendants' proposed motions, Montoya's counsel in this action contacted John W. Sywilok, Montoya's bankruptcy trustee (the "Trustee"), who then initiated proceedings to reopen Montoya's bankruptcy. Kahan Aff. ¶ 6, Ex. D (Motion to Reopen, dated Dec. 8, 2015). The bankruptcy court reopened Montoya's case in January 2016 and appointed Montoya's counsel in this action to serve as special counsel to the Trustee in this action as well. *Id.* ¶¶ 7-9, Exs. E-G. In his opposition to Defendants' motions for summary judgment, Montoya argued that the Trustee should be substituted as plaintiff in his place. ECF No. 64 at 18-19. The Court dismissed Defendants' motions without prejudice in light of Montoya's desire to substitute the Trustee as plaintiff so that the two issues could be briefed together. ECF No. 82.

DOC and Marist College have again moved for summary judgment dismissing Montoya's claims on the basis that he lacks standing because this action is property of the bankruptcy estate. ECF Nos. 86-89, 90-92. They further argue that Montoya is estopped from pursuing this action as a result of his failure to disclose the suit in his bankruptcy proceeding. Jupiter also moved for summary judgment on the basis of estoppel. ECF Nos. 94-95, 97.

Simultaneously, the parties briefed Montoya's motion to substitute the Trustee as plaintiff in this action. ECF Nos. 101 (Motion to Substitute), 102 (Kahan Aff.), 103 (Affirmation of John W. Sywilok), 104 (Pl's Memo.). DOC and Marist College opposed the motion, arguing that the substitution is untimely and that this action was improperly instituted in violation of the automatic stay in the bankruptcy court. ECF Nos. 106 (Comparato Aff.), 107 (DOC Memo.), 116 (Affirmation of Keith S. Grover). Jupiter also opposed the motion on the basis that the Trustee cannot serve as plaintiff because he is a witness to Montoya's alleged fraud on the

3

bankruptcy court. ECF No. 115 (Jupiter Memo.). Montoya has submitted his reply in support of his motion to substitute, and the Court considers the motions fully briefed. ECF Nos. 126 (Pl's Reply), 128 (Declaration of Hillary P. Kahan ("Kahan Reply Decl.")).

## LEGAL STANDARD

Rule 17 of the Federal Rules of Civil Procedure requires that actions "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). If an action is brought by a party other than the real party in interest, the Rule prohibits a court from dismissing the action on that basis "until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). The decision to substitute a party is committed to the discretion of the district court and "should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners Inc.*, 106 F.3d 11, 20 (2d Cir. 1997). Once the real party in interest is substituted, the "action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).

Upon commencement of bankruptcy proceedings, "all legal or equitable interests of the debtor" comprise the bankruptcy estate. 11 U.S.C. § 541(a)(1). Pursuant to § 323 of the Bankruptcy Code, the bankruptcy trustee is assigned as the "representative of the estate" and has the "capacity to sue and be sued." Thus, after a plaintiff initiates a bankruptcy proceeding, the bankruptcy trustee becomes the real party in interest of the debtor-plaintiff's legal interests. *In re Jackson*, 593 F.3d 171, 176 (2d Cir. 2010) (interests of bankruptcy estate "include causes of action possessed by the debtor at the time of filing").

4

## **DISCUSSION**

Montoya moves to substitute the Trustee, John Sywilok, as plaintiff in this action. The parties do not dispute that the Trustee is the real party in interest; however, DOC and Marist College argue that Montoya's motion should be denied because any substitution would be untimely and a nullity. Jupiter further argues that, to the extent the Court grants the motion to substitute, Montoya should be prevented from recovering personally. The Court finds that substituting the Trustee as plaintiff is appropriate and the question of damages is premature.

### I.     The Substitution is Timely

First, DOC and Marist College argue that Montoya's motion for substitution should be denied because the Trustee's substitution as plaintiff in this action would be untimely under 11 U.S.C. § 108. DOC Memo. at 3-4. The Court disagrees.

Section 108(a) provides that, "[i]f applicable nonbankruptcy law . . . fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of--

> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) two years after the order for relief.

Therefore, DOC and Marist College argue, New York's three-year statute of limitations for personal injury actions expired on March 27, 2016 and the two-year period provided in 11 U.S.C. § 108(a)(2) expired on April 7, 2016, making Montoya's June 2016 motion for substitution untimely under either provision of § 108.

However, on its face, section 108(a) applies only to the commencement of actions by a bankruptcy trustee, not the substitution of a trustee as the real party in interest to an action timely filed by the debtor. While Defendants cite to a portion of the legislative history indicating that

Congress intended § 108 to also apply to the continuation of actions by a trustee, Defendants have cited no decisions in which the statute was applied in that manner, nor is the Court aware of any. *See* DOC Memo. at 3 (citing S. REP. 95-989, 30, 1978 U.S.C.C.A.N. 5787, 5816).[2]

Moreover, even if the Court were to find that § 108(a) applied to the substitution motion here, the Court nevertheless would find the motion timely for two reasons. First, Montoya initially sought the Trustee's substitution in his February 11, 2016 opposition to Defendants' earlier motions for summary judgment. Pl's Reply at 6 (citing Kahan Reply Decl., Ex. A at 19). DOC and Marist College do not contend that the February 2016 request to substitute was untimely under § 108(a), nor could they. While the Court denied the earlier motions for summary judgment without prejudice, thereby eliminating Montoya's related request to substitute, Montoya filed the instant motion to substitute consistent with the parties' agreed-upon briefing schedule thereafter. *See* ECF Nos. 82-83. Second, "for statute of limitations purposes, the claim of the real party in interest . . . dates back to the filing of the complaint," rendering the Trustee's action timely under § 108(a)(1). *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.À.R.L.*, 790 F.3d 411, 421 (2d Cir. 2015).

## II.    This Action is not Void

DOC and Marist also argue that Montoya violated the automatic bankruptcy stay provided in 11 U.S.C. § 362 by filing this action, thereby making it void. DOC Memo. at 5-7. Montoya's response to this argument is based largely on a misreading of the statute and Defendants' arguments. Pl's Memo. at 9-10; Pl's Reply at 4-5. Regardless, the Court finds that

---

[2] Notably, 11 U.S.C. § 108(c), which applies to the timeliness of actions brought against a debtor, refers to the time period to "commenc[e] or continu[e]" such action, whereas § 108(a) refers only to the time in which actions must be commenced.

the automatic stay is not an impediment to this action proceeding in the Trustee's name for the benefit of Montoya's creditors.

None of the decisions holding that actions are void when instituted in violation of § 362 discuss the potential effect of a bankruptcy trustee's desire to take over an action as the real party in interest. The purpose of the automatic stay provision suggests that the involvement of the trustee should figure into the analysis, however. The automatic stay functions "to grant complete, immediate, albeit temporary relief to the debtor from creditors, and also to prevent dissipation of the debtor's assets before orderly distribution to creditors can be effected." *S.E.C. v. Brennan*, 230 F.3d 65, 70 (2d Cir. 2000) (citation and internal quotation marks omitted); *accord In re Bird*, 229 B.R. 90, 95 (Bankr. S.D.N.Y. 1999) (stay "preserve[s] the assets of the debtor for the benefit of all creditors" and "protect[s] the creditors from each other by stopping the race to seize the debtor's assets"). Montoya's decision to initiate this action without declaring his interest in it to the bankruptcy court likely violated § 362(a)(3)'s proscription against "any act to obtain . . . or to exercise control over property of the estate." However, now that the Trustee has expressed his desire to prosecute this action for the benefit of Montoya's creditors, the Court finds that this action is not precluded by § 362(a), as this section "does not address actions . . . which would inure to the benefit of the bankruptcy estate." *In re Abreu*, 527 B.R. 570, 579 (Bankr. E.D.N.Y. 2015) (citation and internal quotation marks omitted).

Defendants do not contend that § 362 would have prevented the Trustee from bringing this case in the first instance. And, after substitution of a party under Rule 17(a)(3), "the action proceeds as if it had been originally commenced by the real party in interest." Moreover, allowing the Trustee to continue this action on behalf of Montoya's bankruptcy estate for the

7

benefit of his creditors is consistent with the purpose of the bankruptcy laws as it will potentially allow some relief for Montoya's creditors.

### III. The Trustee is not Estopped from Pursuing this Action

The estoppel arguments Defendants make in their summary judgment motions do not counsel a different result. Judicial estoppel applies to preclude a party from taking a position in one action contrary to a position taken in a prior action. It applies where "1) a party's later position is 'clearly inconsistent' with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." *DeRosa v. Nat'l Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)). The Second Circuit "limit[s] judicial estoppel to situations where the risk of inconsistent results with its impact on judicial integrity is certain." *DeRosa*, 595 F.3d at 103 (citation and internal quotation marks omitted).

Courts in this Circuit have applied the doctrine of judicial estoppel to bar claims by a debtor-plaintiff who failed to disclose his interest in those claims to the bankruptcy court. *See, e.g.*, *Azuike v. BNY Mellon*, 962 F. Supp. 2d 591, 599-600 (S.D.N.Y. 2013) (trustee had abandoned interest in plaintiff's claim); *Ibok v. Siac-Sector Inc.*, No. 05-cv-6584 (GBD) (GWG), 2011 WL 293757, at *5-9 (S.D.N.Y. Feb. 2, 2011), *report and recommendation adopted*, 2011 WL 979307 (S.D.N.Y. Mar. 14, 2011), *aff'd*, 470 F. App'x 27 (2d Cir. 2012); *Rosenshein v. Kleban*, 918 F. Supp. 98, 104-05 (S.D.N.Y. 1996). However, courts do not uniformly require this result. *See, e.g.*, *Reed v. City of Arlington*, 650 F.3d 571, 579 (5th Cir. 2011) (en banc) (holding that "[a]bsent unusual circumstances, an innocent bankruptcy trustee may pursue for the benefit of creditors a judgment or cause of action that the debtor—having concealed that asset during bankruptcy—is himself estopped from pursuing"); *Strauss v. Hibbits*, No. 5:15-cv-0009,

8

2016 WL 7665786, at *2 (D. Vt. Apr. 18, 2016) (noting potential inequity to plaintiff's creditors); *Copelan v. Techtronics Indus. Co.*, 95 F. Supp. 3d 1230, 1235 (S.D. Cal. 2015) ("[U]sing [judicial estoppel] to land another blow on the victims of bankruptcy fraud[, which could potentially occur here absent substitution,] is not an equitable application.") (quoting *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006)) (third alteration in original); *Grammer v. Mercedes Benz of Manhattan*, No. 12-cv-6005 (LTS) (JCF), 2014 WL 1040991, at *6 (S.D.N.Y. Mar. 13, 2014) ("Judicial estoppel does not bar a trustee who has been substituted into a bankruptcy case."); *Kotbi v. Hilton Worldwide, Inc.*, No. 11-cv-3550 (TPG), 2012 WL 914951, at *4 (S.D.N.Y. Mar. 19, 2012); *Chapple v. Fahnestock & Co.*, No. 03-cv-4989 (ENV) (JA), 2006 WL 2546563, at *2-3 (E.D.N.Y. Sept. 1, 2006) (granting defendants' motion for summary judgment only if bankruptcy trustee did not seek to be substituted under Rule 17(a) and not reaching estoppel question).

The Court believes that substituting the Trustee as plaintiff in this action is the more equitable course. As other courts have noted, "[r]efusing to permit the substitution of the Trustee as the real party in interest . . . would represent a significant detriment to the Trustee and, more importantly, to [the plaintiff's] creditors." *Grammer*, 2014 WL 1040991, at *6 (citation omitted, alterations in original). Estopping the Trustee from prosecuting this action would allow what Defendants have described as Montoya's fraud on his creditors to continue. If the Trustee can secure recovery from Defendants, that money will go towards satisfying Montoya's creditors, who, to date, have received nothing.[3]

---

[3] While Defendants do not argue Montoya's lack of standing in their opposition to his motion to substitute, it forms one of the bases for their motions for summary judgment, and so the Court will briefly note that Montoya's lack of standing to pursue claims rightfully belonging to his bankruptcy estate should not taint the Trustee's standing to prosecute those claims now. It remains an open question in this Circuit whether a debtor-plaintiff's lack of standing causes a bankruptcy trustee also to lack standing given that standing is evaluated when the action commences. *See Cortlandt St. Recovery Corp.*, 790 F.3d at 423 (not reaching question of whether standing at inception of action is required to substitute under Rule 17). The Court believes that the better approach, and the

9

### IV. The Request to Limit Damages is Premature

Jupiter argues, in the alternative, that if the Court grants Montoya's motion to substitute, any damages should be limited "to the unsatisfied creditors' claims against Montoya's Chapter 7 estate, and any unpaid administrative expenses of the estate," citing to the arguments made in support of their summary judgment motion. Jupiter Memo. at 3. Courts have employed judicial estoppel to preclude recovery by a debtor under these circumstances. *See, e.g., Grammer*, 2014 WL 1040991, at *6; *Kotbi*, 2012 WL 914951, at *4. While, ultimately, this may prove to be the equitable course, the Court finds that it is premature to reach the issue at this juncture. *See In re Arana*, 456 B.R. 161, 171 (Bankr. E.D.N.Y. 2011) (noting that, "if surplus funds remain after these expenses and claims are paid, then a debtor's entitlement to it may be subject to judicial estoppel or other equitable defenses"); *Strauss*, 2016 WL 7665786, at *2 (declining to rule on question of estoppel for damages until amount of damages was determined).

Defendants' liability has not yet been established and it is therefore not clear whether the amount of damages, if any, will satisfy the amount owed to Montoya's creditors. Moreover, while Defendants have argued that Montoya intentionally failed to disclose the existence of the instant personal injury claim during his bankruptcy proceeding, there remain disputed issues of fact regarding his mental capacity. The Court therefore denies without prejudice Jupiter's request to limit any potential damages.[4]

---

one more consistent with equity for a plaintiff's creditors, does not require dismissal of a trustee's claims on the basis that the debtor-plaintiff initially lacked standing. *See, e.g., Grammer*, 2014 WL 1040991, at *5 (noting "unique" situation presented by bankruptcy); *Meneses v. The Long Island R. Co.*, No. 05-cv-10625 (BSJ) (RLE), 2009 WL 666882, at *4 (S.D.N.Y. Mar. 13, 2009) (holding that plaintiff did not have standing, but granting leave for trustee to substitute himself); *Chapple*, 2006 WL 2546563, at *2 ("The fact plaintiff no longer has standing . . . does not mean this action must end now."); *Kassner v. 2nd Ave. Delicatessen Inc.*, No. 04-cv-7274 (GBD), 2005 WL 1018187, at *4 (S.D.N.Y. Apr. 29, 2005) (noting it is "generally preferable to permit the bankruptcy trustee to be substituted, as the named plaintiff, in place of the debtor").

[4] Jupiter's primary argument in opposition to the motion to substitute is based on the idea that the Trustee is not properly substituted as a plaintiff here because he is "a witness to aspects of Montoya's deception." Jupiter Memo. at 4. Jupiter makes the same argument in opposition to the Trustee's decision to appoint Charles Hammer,

## CONCLUSION

For all of the foregoing reasons, Montoya's motion to substitute the Trustee as plaintiff in this action in place of Montoya is granted. Defendants' motions for summary judgment are denied as moot. The Court denies without prejudice Jupiter's request to limit the scope of damages.

**SO ORDERED.**

**Dated**:  March 28, 2017
          New York, New York

*[signature]*

ANDREW L. CARTER, JR.
**United States District Judge**

---

who has been litigating this action on behalf of Plaintiffs, as special counsel. *Id.* Even if Jupiter's contention were true, it is not clear to the Court how or why this would impact the Trustee's ability to prosecute this case. Nor does Jupiter make any arguments in this regard, instead presenting these facts as if they *ipso facto* prevent substitution.